Timothy POLLER

v.

THORDEN LINES A/B and Gustaf B. Thorden

v.

JARKA CORPORATION OF PHILADELPHIA.

Civ. A. No. 38979.

United States District Court, E. D. Pennsylvania.

Feb. 9, 1970.

**1232**

Arnold Levin, Freedman, Borowsky & Lorry, Philadelphia, Pa., for plaintiff.

Thomas Lane Anderson, Rawle & Henderson, Philadelphia, Pa., for defendant.

Frank C. Bender, Kelly, Deasey & Scanlan, Philadelphia, Pa., for third-party defendant.

## MEMORANDUM AND ORDER

LUONGO, District Judge.

Timothy Poller, a longshoreman, injured his back while handling a 110 pound bag of ore. He contended that he sustained the injury when his foot slipped or turned on a piece of dunnage which was part of a "strip dunnage"[1] floor under the cargo of ore. Poller sued defendant shipowners, claiming that they had negligently failed to provide a safe place to work and, in addition, had breached their duty to furnish a safe and seaworthy vessel. At the conclusion of the evidence, Poller's counsel asked that both issues, negligence and unseaworthiness, be submitted to the jury. The request was denied and only the issue of unseaworthiness was submitted. By answer to interrogatory, the jury found that defendants did not breach the duty to furnish a safe and seaworthy vessel. Based on that an-

swer, verdict was entered in favor of the defendants.

Before the court is plaintiff's motion for new trial. The motion is based primarily upon the court's refusal to submit the issue of negligence to the jury. The motion for new trial will be denied.

The negligence issue was not submitted because the charges of negligence and unseaworthiness were based upon precisely the same condition, the "strip dunnage" floor. The jury was instructed that the defendant's duty to furnish a safe and seaworthy vessel was absolute and that defendants could be found to have breached the duty notwithstanding lack of notice or fault on their part. The jury was instructed to consider whether the vessel was seaworthy, i. e. whether with the "strip dunnage" floor, it was reasonably fit for its intended use, a use which contemplated that longshoremen would be required to perform cargo operations in and about that area. The requested charge on negligence sought to have the jury determine whether, because of that same condition, defendants had failed to exercise reasonable care to furnish plaintiff with a reasonably safe place to work.

While the jury might properly have found unseaworthiness and no negligence, it could not have found negligence and seaworthiness. It would have been hopelessly inconsistent for the jury to have found that with the "strip dunnage" floor the vessel was seaworthy, i. e. reasonably fit for the intended use by longshoremen to perform cargo operations, but was not a reasonably safe place for longshoremen to work.

Since the charges of negligence and unseaworthiness were based upon the same condition, and since plaintiff's burden to establish unseaworthiness was far lighter than the burden to establish negligence, it was determined to submit

---

[1]. This was the term used by counsel to describe the dunnage floor which had been laid out in strips, with space between the boards, rather than as a solid floor. The purpose of the dunnage floor was to keep the cargo from making contact with the steel deck.

only the issue of unseaworthiness to the jury to avoid unnecessary confusion and possibly inconsistent findings. In my view, this was well within my discretion as trial judge and plaintiff has cited no authority to the contrary.

Plaintiff has raised other points in his motion for new trial. They have been considered, but they are without merit and require no discussion.